**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MARY INGLIMA,**

> **Plaintiff,**

**v.**                                                    **Case No:**

**MCCARTHY, BURGESS**
**& WOLFF, INC.; ADT**
**LLC d/b/a ADT SECURITY**                    **DEMAND FOR JURY TRIAL**
**SERVICES; and DEFENDER**
**SERVICES, INC. d/b/a**
**PROTECT YOUR HOME,**

> **Defendants.**

_____/

**PLAINTIFF'S COMPLAINT**
**WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **MARY INGLIMA** ("Mrs. Inglima" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendants, **MCCARTHY, BURGESS & WOLFF, INC.** ("Debt Collector"); **ADT LLC d/b/a ADT SECURITY SERVICES** ("ADT"); and **DEFENDER SERVICES, INC. d/b/a PROTECT YOUR HOME** ("Protect Your Home") (all collectively "Defendants"), and in support thereof states as follows:

### *Introduction*

1.      This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendants' violations of the Fair Debt Collection Practices

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Inglima v. McCarthy, Burgess & Wolff, Inc., ADT, and Protect Your Home*
Page **1** of 18

Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et. seq.* and Regulation E, 12 C.F.R. Part 1005 (together "EFTA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), by misrepresenting the right to overcharge Mrs. Inglima for services despite Mrs. Inglima's contract with ADT/Protect Your Home not authorizing charges for such services, and for improperly charging Mrs. Inglima's debit card without her authorization for the unauthorized services, which can reasonably be expected to harass Mrs. Inglima.

## *Jurisdiction and Venue*

2.      This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3.      Jurisdiction of this Court also arises under 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1).

4.      Venue lies in this District pursuant to 28 U.S.C. § 1391 (b), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## *Parties*

5.      Plaintiff, Mrs. Inglima, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, a "consumer" as defined by 15 U.S.C. § 1692a (3), and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

6.      Under information and belief, Protect Your Home is an authorized premier provider for ADT.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Inglima v. McCarthy, Burgess & Wolff, Inc., ADT, and Protect Your Home*
Page **2** of 18

7.    Although Protect Your Home and ADT have different legal entity names, under information and belief, the entities act interchangeably.

8.    A simple Google search for "Protect Your Home" leads to the first non-advertisement search result directing to http://www.protectyourhome.com ("webpage"), which clearly states in the upper left hand corner "ADT Authorized Premier Provider" next to the "Protect Your Home" logo. Furthermore, the very bottom of the webpage reads: "Receive exclusive offers from Protect Your Home," which is placed right above "ADT ®- Monitored Home Security."

9.    Next, a simple Google search for "Protect Your Home ADT" leads to the second non-advertisement search result directing to https://www.protectyourhome.com/contact, which reads at the bottom of the page: "Protect Your Home - ADT ® Authorized Premier Provider Copyright © 2018."

10.    At all times material hereto, ADT was and is a foreign limited liability company with its principle place of business in the State of Florida and its registered agent, CT CORPORATION SYSTEM, located at 1200 South Pine Island Road, Plantation, FL 33324.

11.    At all times material hereto, Protect Your Home was and is a foreign profit corporation with its principle place of business in the State of South Carolina and its registered agent, NRAI SERVICES, INC., located at 1200 South Pine Island Road, Plantation, FL 33324.

12.    The claims brought in this action are derived from consumer protection laws which are interpreted using the "least sophisticated consumer" standard.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Inglima v. McCarthy, Burgess & Wolff, Inc., ADT, and Protect Your Home*
Page **3** of **18**

13.     Accordingly, ADT and Protect Your Home shall be referred to as "Debt Owner" where the two entities acted jointly or in a manner where the specific corporate entity would be indistinguishable from its counterpart under the least sophisticated consumer test.

14.     At all times material hereto, Debt Collector was and is a foreign profit corporation with its principle place of business in the State of Ohio and its registered agent, NRAI SERVICES, INC., located at 1200 South Pine Island Road, Plantation, FL 33324.

15.     Further, at all times material hereto, Debt Collector is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7).

16.     At all times material hereto, Debt Collector was performing debt collection owed to Debt Owner to satisfy Mrs. Inglima's alleged debt.

17.     At all times material hereto, Debt Collector was acting within the scope of an employee, representative, or agent on behalf of Debt Owner for purposes of collecting Mrs. Inglima's alleged debt for Debt Owner.

18.     As such, Debt Owner is responsible for the conduct of Debt Collector as its employee, representative, or agent.

19.     Under information and belief, Debt Owner granted Debt Collector access to information and systems that normally would be within Debt Owner's exclusive control, including, but not limited to Mrs. Inglima's information.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Inglima v. McCarthy, Burgess & Wolff, Inc., ADT, and Protect Your Home*
Page **4** of **18**

20.     Under information and belief, Debt Owner allowed Debt Collector to enter Mrs. Inglima's information into Debt Owner's sales or customer systems.

21.     Under information and belief, Debt Owner gave Debt Collector authority to use the principal's trade name, trademark, or service mark.

22.     Under information and belief, Debt Owner approved, wrote, or reviewed a form letter for Debt Collector to use when sending collection letter(s) to Mrs. Inglima.

23.     Under information and belief, Debt Owner had actual knowledge of Debt Collector's FCCPA and FDCPA violations when sending Mrs. Inglima collection letter(s) and Debt Owner failed to stop such violations by Debt Collector.

24.     Under information and belief, via a contractual relationship between the parties, Debt Owner had control or the ability to control Debt Collector's actions in attempting to collect Mrs. Inglima's debt on behalf of Debt Owner.

### *Statements of Fact*

25.     In or around October of 2017, Mrs. Inglima saw a promotional flyer for Debt Owner's services that advertised "special pricing" of only $27.99 per month and included "free activation" of those services. *See* **Exhibit A.**

26.     Mrs. Inglima thereafter called Debt Owner to inquire about the promotion.

27.     After her call with Debt Owner regarding the promotion, Mrs. Inglima signed a contract with Debt Owner and agreed to pay the promotional cost of only $27.99 per month for Debt Owner's "Basic Monthly Service" which included "Customer Monitoring Central Signal Receiving," "Notification Service for Burglary, Manual Fire,"

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Inglima v. McCarthy, Burgess & Wolff, Inc., ADT, and Protect Your Home*
Page **5** of **18**

and "Manual Police Emergency" services ("Alarm Services Contract"), which Debt Owner assigned a unique account number ending in 0202 ("Account"). *See* **Exhibit B.**

28.     On or around October 24, 2017, Mrs. Inglima paid $105.93 towards the Account for the installation of Debt Owner's "Basic Monthly Service," which included only one protection device—Debt Owner's "Impassa Base (1 Key, 2 D/W, 1 Motion)."

29.     Although Mrs. Inglima only agreed to purchase Debt Owner's "Basic Monthly Service," Debt Owner installed more than nine separate "Additional Protection Devices" in addition to what Mrs. Inglima agreed to without Mrs. Inglima's authorization or knowledge.

30.     On November 1, 2017, Debt Owner sent Mrs. Inglima a billing statement demanding that $66.15 was still owed on the Account; included a due date of November 16, 2017; provided three payment options—either by check, by money order, or by internet; and provided Debt Owner's address to send payment. ("November Invoice"). *See* **Exhibit C.**

31.     The November Invoice shows that Debt Owner improperly charged Mrs. Inglima nearly $40.00 more than she had agreed to pay in the Alarm Services Contract.

32.     Upon receipt of the November Invoice, Mrs. Inglima contacted Debt Owner in attempts to correct the improper charges on the Account.

33.     On November 27, 2018, Debt Owner provided $146.97 worth of credit towards the Account in attempts to correct Debt Owner's improper billing activity.

34.     On December 1, 2017, Debt Owner sent Mrs. Inglima a billing statement demanding that $48.49 was still owed on the Account even after the $146.97 credit was

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Inglima v. McCarthy, Burgess & Wolff, Inc., ADT, and Protect Your Home*
Page **6** of **18**

applied to the Account; included a due date of December 20, 2017; provided three payment options—payments by internet, by mobile app, and by mail; and provided Debt Owner's address to send payment. *See* **Exhibit D.**

35.     On December 4, 2017, Mrs. Inglima e-mailed Debt Owner in attempts to resolve Debt Owner's improper charges on the Account once again, stating she did not sign up for the more expensive plan Debt Owner was charging the Account, and attaching the Alarm Services Contract to the e-mail for Debt Owner's reference.

36.     On December 12, 2017, Debt Owner mailed Mrs. Inglima a letter stating that a correction needed to be made to complete her Alarm Services Contract, and attached a new contract for Mrs. Inglima to sign. *See* **Exhibit E.**

37.     Mrs. Inglima never signed Debt Owner's new contract.

38.     On December 19, 2017, Mrs. Inglima e-mailed Debt Owner again in attempts to resolve Debt Owner's improper charges on the Account. Mrs. Inglima demanded that Debt Owner's system be uninstalled from her home with a refund of $105.93 for the installation fees. *See* **Exhibit F.**

39.     In January of 2018, after Mrs. Inglima's efforts to correct Debt Owner's continuous improper billing overages, Debt Owner provided another $109.67 in credit toward the Account.

40.     The $109.67 in credit was enough to cover Mrs. Inglima's Account payment for the month of January 2018, and the Account was properly reduced to zero balance owed.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Inglima v. McCarthy, Burgess & Wolff, Inc., ADT, and Protect Your Home*
Page **7** of **18**

41.     The $109.67 credit also covered almost all of Mrs. Inglima's regular payment towards the Account for February of 2018, leaving a balance of only $0.86 on the Account. *See* **Exhibit G.**

42.     On January 29, 2018, Debt Owner mailed Mrs. Inglima another letter stating there was a correction that needed to be made to her Alarm Services Contract and again attached a new contract for Mrs. Inglima to sign. *See* **Exhibit H.**

43.     Mrs. Inglima still refused to sign Debt Owner's new contract.

44.     On February 26, 2018, Mrs. Inglima was shocked to find out Debt Owner improperly charged her bank account $29.95 three separate times without her authorization.

45.     On March 5, 2018, Debt Owner once again improperly charged Mrs. Inglima's bank account $29.95 despite Mrs. Inglima never giving Debt Owner authorization to do so.

46.     On March 17, 2018, Mrs. Inglima e-mailed Debt Owner complaining of her constant issues with Debt Owner's billing, equipment, and customer service. Mrs. Inglima demanded that services be terminated immediately with no penalty fee. *See* **Exhibit I.**

47.     On March 21, 2018, Mrs. Inglima once again e-mailed Debt Owner attempting to get the billing issue resolved, to no avail.

48.     On April 3, 2018, Debt Owner improperly charged Mrs. Inglima's bank account $29.95 for the fifth time since February of 2018.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Inglima v. McCarthy, Burgess & Wolff, Inc., ADT, and Protect Your Home*
Page **8** of **18**

49. As a result of Debt Owner's actions, Mrs. Inglima was forced to cancel her debit card in order to prevent Debt Owner's continued improper charges.

50. Debt Owner thereafter assigned Mrs. Inglima's Account to Debt Collector for collection purposes.

51. On August 1, 2018, Debt Collector sent Mrs. Inglima a collection letter which explicitly stated it was "an attempt to collect a debt," demanded a total balance owed of $608.78 on the Account ("Debt"), identified Debt Owner as the creditor, included two payment options—payments by phone and by mail, and provided Debt Collector's phone number and address to send payment ("Collection Letter 1"). *See* **Exhibit J.**

52. On September 7, 2018, Debt Collector sent Mrs. Inglima another collection letter which explicitly stated it was "an attempt to collect a debt;" demanded a total balance owed of $608.78 on the Account but offered a settlement in the amount of $365.27 with a due date of September 22, 2018; identified Debt Owner as the creditor; included three payment options—payments by phone, by mail, and by internet; and provided Debt Collector's phone number and address to send payment ("Collection Letter 2"). *See* **Exhibit K.**

### *Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA")* ### *(as against Debt Collector)*

53. Mrs. Inglima re-alleges paragraphs 1-52 and incorporates the same herein by reference.

54. Mrs. Inglima is a "consumer" within the meaning of the FDCPA.

55. The subject debt is a "consumer debt" within the meaning of the FDCPA.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Inglima v. McCarthy, Burgess & Wolff, Inc., ADT, and Protect Your Home*
Page 9 of 18

56.     Debt Collector is a "debt collector" within the meaning of the FDCPA.

57.     Debt Collector violated the FDCPA. Debt Collector's violations include, but are not limited to, the following:

    a.   Debt Collector violated 15 U.S.C. § 1692d by misrepresenting that Mrs. Inglima owed the alleged Debt in its Collection Letter 1 and Collection Letter 2 when Mrs. Inglima never agreed to the services she was being charged for, which can reasonably be expected to harass Mrs. Inglima.

    b.   Debt Collector violated 15 U.S.C. § 1692e (2) by falsely representing the character, amount, or legal status of the Debt in Collection Letter 1 and Collection Letter 2 when such amount was known to be illegitimate.

    c.   Debt Collector violated 15 U.S.C. § 1692f (1) by attempting to collect on the Debt in Collection Letter 1 and Collection Letter 2 when Debt Collector knew Mrs. Inglima never agreed to the services she was being charged for.

58.     As a result of the above violations of the FDCPA, Mrs. Inglima has been subjected to illegal collection activities for which she has been damaged.

59.     Debt Collector's actions have damaged Mrs. Inglima by invading her privacy.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Inglima v. McCarthy, Burgess & Wolff, Inc., ADT, and Protect Your Home*
Page **10** of **18**

60.     Debt Collector's actions have damaged Mrs. Inglima by causing her stress.

61.     Debt Collector's actions have damaged Mrs. Inglima by causing her aggravation.

62.     Debt Collector's actions have damaged Mrs. Inglima by causing her emotional distress.

63.     Debt Collector's actions have damaged Mrs. Inglima by being an annoyance.

64.     It has been necessary for Mrs. Inglima to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

65.     All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

a.  Awarding statutory damages as provided by 15 U.S.C. 1692k(a)(2)(A);

b.  Awarding actual damages;

c.  Awarding costs and attorneys' fees; and

d.  Any other and further relief as this Court deems just and equitable.

### _Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Collector)_

66.     Mrs. Inglima re-alleges paragraphs 1-52 and incorporates the same herein by reference.

67.     Debt Collector violated the FCCPA.  Debt Collector's violations include, but are not limited to, the following:

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
_Inglima v. McCarthy, Burgess & Wolff, Inc., ADT, and Protect Your Home_
Page **11** of **18**

    a. Debt Collector violated Fla. Stat. § 559.72(7) by demanding the Debt from Mrs. Inglima when Mrs. Inglima never agreed to Debt Owner's improper charges, which can reasonably be expected to harass Mrs. Inglima.

    b. Debt Collector violated Fla. Stat. § 559.72(9) by attempting to collect on the Debt when Debt Collector knew the amount of the Debt was illegitimate.

68. As a result of the above violations of the FCCPA, Mrs. Inglima has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

69. Debt Collector's actions have damaged Mrs. Inglima by invading her privacy.

70. Debt Collector's actions have damaged Mrs. Inglima by causing her stress.

71. Debt Collector's actions have damaged Mrs. Inglima by causing her aggravation.

72. Debt Collector's actions have damaged Mrs. Inglima by causing her emotional distress.

73. Debt Collector's actions have damaged Mrs. Inglima by being an annoyance.

74. It has been necessary for Mrs. Inglima to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

75. All conditions precedent to this action have occurred.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Inglima v. McCarthy, Burgess & Wolff, Inc., ADT, and Protect Your Home*
Page **12** of 18

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

    a.   Awarding statutory damages as provided by §559.77, Fla. Stat.;

    b.   Awarding actual damages;

    c.   Awarding punitive damages;

    d.   Awarding costs and attorneys' fees;

    e.   Ordering an injunction preventing further wrongful contact by the Defendant; and

    f.   Any other and further relief as this Court deems just and equitable.

### *Count 3: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Owner)*

76.    Plaintiff re-alleges paragraphs 1-52 and incorporates the same herein by reference.

77.    Debt Owner violated the FCCPA.  Debt Owner's violations include, but are not limited to, the following:

    a.   Debt Owner violated Fla. Stat. § 559.72(7) by continuously improperly charging the Account despite knowing that Mrs. Inglima never agreed to its unauthorized charges, which can reasonably be expected to harass Mrs. Inglima.

    b.   Debt Owner violated Fla. Stat. § 559.72(7) by charging Mrs. Inglima's debit card five times without her authorization after her repeated attempts to correct Debt

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Inglima v. McCarthy, Burgess & Wolff, Inc., ADT, and Protect Your Home*
Page **13** of **18**

Owner's continuous improper billing activity, which can be reasonably expected to harass Mrs. Inglima.

c.  Debt Owner violated Fla. Stat. § 559.72(7) by assigning Debt Collector after Mrs. Inglima's continuous efforts to stop Debt Owner's improper billing practices to collect the Debt from Mrs. Inglima, which can reasonably be expected to harass Mrs. Inglima.

d.  Debt Owner violated Fla. Stat. § 559.72(9) by misrepresenting the legal right to charge Mrs. Inglima's bank account five times without Mrs. Inglima's authorization when Debt Owner knew that Mrs. Inglima did not authorize Debt Owner's charges.

e.  Debt Owner violated Fla. Stat. § 559.72(9) by misrepresenting the legal right to charge the Account amounts that Mrs. Inglima had not agreed to in the Alarm Services Contract.

f.  Debt Owner violated Fla. Stat. § 559.72(9) by misrepresenting the legal right to install services that Mrs. Inglima had not agreed to in the Alarm Services Contract.

78.  At all times relevant hereto, Debt Owner was also vicariously liable for the actions of Debt Collector.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Inglima v. McCarthy, Burgess & Wolff, Inc., ADT, and Protect Your Home*
Page **14** of **18**

79.     Debt Collector violated the FCCPA.  Debt Collector's violations include, but are not limited to, the following:

    a.   Debt Collector violated Fla. Stat. § 559.72(7) by demanding the Debt from Mrs. Inglima when Mrs. Inglima never agreed to Debt Owner's improper charges, which can reasonably be expected to harass Mrs. Inglima.

    b.   Debt Collector violated Fla. Stat. § 559.72(9) by attempting to collect on the Debt when Debt Collector knew the amount of the Debt was illegitimate.

80.     As a result of the above violations of the FCCPA, Mrs. Inglima has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

81.     Defendants' actions have damaged Mrs. Inglima by invading her privacy.

82.     Defendants' actions have damaged Mrs. Inglima by causing her stress.

83.     Defendants' actions have damaged Mrs. Inglima by causing her aggravation.

84.     Defendants' actions have damaged Mrs. Inglima by causing her emotional distress.

85.     Defendants' actions have damaged Mrs. Inglima by being an annoyance.

86.     It has been necessary for Mrs. Inglima to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

87.     All conditions precedent to this action have occurred.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Inglima v. McCarthy, Burgess & Wolff, Inc., ADT, and Protect Your Home*
Page **15** of 18

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Owner as follows:

   a.   Awarding statutory damages as provided by §559.77, Fla. Stat.;

   b.   Awarding actual damages;

   c.   Awarding punitive damages;

   d.   Awarding costs and attorneys' fees;

   e.   Ordering an injunction preventing further wrongful contact by the Defendant; and

   f.   Any other and further relief as this Court deems just and equitable.

### <u>*Count 4: Violation of the Electronic Funds Transfer Act ("EFTA")*</u><br><u>*(against Debt Owner)*</u>

88.   Plaintiff re-alleges paragraphs 1-52 and incorporates the same herein by reference.

89.   Debt Owner violated the EFTA. Debt Owner's violations include, but are not limited to, the following:

   a.   Debt Owner violated 15 U.S.C. § 1693e(a) by initiating five electronic fund transfers out of Mrs. Inglima's personal bank account without Mrs. Inglima's authorization.

90.   As a result of the above violations of the EFTA, Mrs. Inglima has been subjected to illegal electronic fund transfers for which she has been damaged.

91.   Debt Owner's actions have damaged Mrs. Inglima by invading her privacy.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Inglima v. McCarthy, Burgess & Wolff, Inc., ADT, and Protect Your Home*
Page **16** of **18**

92.     Debt Owner's actions have damaged Mrs. Inglima by causing her stress.

93.     Debt Owner's actions have damaged Mrs. Inglima by causing her aggravation.

94.     Debt Owner's actions have damaged Mrs. Inglima by causing her emotional distress.

95.     Debt Owner's actions have damaged Mrs. Inglima by being an annoyance.

96.     It has been necessary for Mrs. Inglima to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

97.     All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Owner as follows:

a.   Awarding statutory damages as provided by 15 U.S.C. § 1693m(a)(2)(A);

b.   Awarding actual damages in the amount equal to the unauthorized amounts directly withdrawn from Plaintiffs' personal bank account as provided by 15 U.S.C. § 1693m (a)(1);

c.   Awarding costs and attorneys' fees as provided by 15 U.S.C. § 1693m (a)(3);

d.   Ordering an injunction preventing further violations by the Defendant; and

e.   Any other and further relief as this Court deems just and equitable.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Inglima v. McCarthy, Burgess & Wolff, Inc., ADT, and Protect Your Home*
Page **17** of **18**

## DEMAND FOR JURY TRIAL

Plaintiff, Mary Inglima, demands a trial by jury on all issues so triable.

Respectfully submitted this **November 30, 2018**,

/s/ Kaelyn Steinkraus
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

/s/ Michael A. Ziegler
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
2561 Nursery Road, Ste. A
Clearwater, FL 33764
(p)  (727) 538-4188
(f)  (727) 362-4778
Attorneys and Trial Counsel for Plaintiff

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Inglima v. McCarthy, Burgess & Wolff, Inc., ADT, and Protect Your Home*
Page **18** of 18